### STATE *v.* G. W. CLEAVELAND.

February Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed March 19, 1909.

*Assault and Battery—Justification—Defence of Property—Evidence.*

Where, because of excavations made over the line by road commissioners, a landowner's fence along a public highway was moved back merely for convenience in building, but he always claimed to the true line, his possession of the strip between the fence and that line was as actual as his possession of the remainder of his land; and hence he was entitled, in a trial for a breach of the peace by assaulting a road commissioner who was excavating over the line, to justify on the ground of defence of property.

INFORMATION for breach of the peace. Plea, not guilty. Trial by jury at the September Term, 1908, Washington County, *Taylor,* J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted. The opinion states the case.

*M. M. Gordon* for the respondent.

*Benjamin Gates,* State's Attorney, for the State.

"The general rule is that a right of property merely, not joined with the possession, will not justify the owner in committing an assault and battery upon the person in possession, for the purpose of regaining possession, although the possession is wrongfully withheld." *Stanley* v. *Payne,* 78 Vt. 235; *Bliss* v. *Johnson,* 73 N. Y. 529; *Barnes* v. *Martin,* 15 Wis. 240. The court was correct in charging the jury that the respondent had not actual possession of the premises outside of his enclosure and that the assault was not justified so far as the protection of property was concerned. *State of North Carolina* v. *Black,* 14 L. R. A. 205; 50 Hun. 356; Beale Crim. Cases, 456; 11 Pick. 379; 13 Wend. 379; 109 N. C. 856.

ROWELL, C. J. This is a complaint for a breach of the peace by assaulting and striking one Winslow. The respondent was in possession of a tract of land under a bond for a deed that adjoined a highway in the town of Berlin whereof Winslow was road commissioner. At the time in question, Winslow and his men were excavating and drawing away dirt for highway purposes from a point within the limits of the highway as fenced adjacent to the respondent's land. Before the work began, the respondent went to the place with Winslow, told him where he could get the dirt, and pointed out the monuments marking the line, and told him he must not get over it on to him. Later the respondent came and found the commissioner working over the line, and bade him to desist, as he was on his land; but the commissioner kept at work, whereupon the respondent struck him with a hoe. At that point there was a fence, which the respondent claimed stood in from the line of the highway about two feet on to his land, moved there, he claimed, because of excavations over the line by former road commissioners. It did not definitely appear when the fence was moved, and there was no evidence tending to show that the respondent had been in actual possession or occupancy of the strip lying between the fence and the line of the highway as surveyed, after the fence was moved.

· The respondent sought to justify on the ground of self-defence and the defence of property. But the court would not let him justify on the ground of defence of property, because there was no evidence tending to show that he had actual possession of said strip after the fence was moved, and that constructive possession was not enough. This was error, for without considering whether constructive possession was enough or not, the respondent had actual possession, as it is manifest from the tenor of his testimony that the fence was moved back merely for convenience in building, he all the time claiming to the true line, and therefore his possession of said strip was not thereby affected, but was thereafter just as actual as it was of the rest of the land, and that it was actual of that, is not denied. See *Brown* v. *Clark,* 73 Vt. 233, 50 Atl. 1066.

The charge on the subject of self-defence is complained of; but we think, taken as a whole, the jury was not misled thereby.

*Reversed and remanded.*